UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARUS RICHARDSON,

    Petitioner,

v.

Case No. 17-cv-13573
Honorable Linda V. Parker

SHANE JACKSON,

    Respondent.
_____/

# OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE HABEAS PETITION, DISMISSING THE PETITION WITH PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

This matter is before the Court on Petitioner Tarus Richardson's habeas corpus petition under 28 U.S.C. § 2254 and Respondent's motion to dismiss the petition as time-barred under the applicable statute of limitations. The Court concludes that the petition is time-barred. Accordingly, the Court is granting Respondent's motion and dismissing the petition with prejudice.

## I. Background

In this matter, Petitioner is challenging his January 28, 2014 convictions following a plea of no contest in two cases in the Circuit Court for Oakland County, Michigan. In case number 2013-248432, Petitioner pleaded no contest to one count of armed robbery in violation of Michigan Compiled Laws § 750.529.

In case number 2013-248469, Petitioner pleaded no contest to several charges: one count of armed robbery causing serious injury in violation of Michigan Compiled Laws § 750.529; one count of armed robbery in violation of Michigan Compiled Laws § 750.529; one count of first-degree home invasion in violation of Michigan Compiled Laws § 750.110a(2); one count of felon in possession of a firearm in violation of Michigan Compiled Laws § 750.224f; and, four counts of possession of a firearm during the commission of a felony ("felony firearm") in violation of Michigan Compiled Laws § 750.227b. Petitioner did not plead pursuant to a plea agreement, but the trial court agreed to sentence Petitioner to a minimum sentence of twenty-two years in prison.

On February 25, 2014, the trial court sentenced Petitioner as a habitual offender.

Petitioner appealed his sentences on the basis that the sentencing guidelines were mis-scored and that he was sentenced on inaccurate information. On October 16, 2014, the Michigan Court of Appeals denied Petitioner leave to appeal for lack of merit in his claims. *See People v. Richardson*, No. 323366 (Mich. Ct. App. Oct. 16, 2014). On October 28, 2015, the Michigan Supreme Court denied Petitioner leave to appeal because it was not persuaded to review the issues. *See People v. Richardson*, 870 N.W.2d 915 (Mich. 2015).

On June 9, 2016, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Michigan. The petition challenged the same convictions that are at issue in this case. On August 4, 2016, the Western District of Michigan dismissed the petition without prejudice for want of prosecution. *See Richardson v. Bauman*, No. 2:16-cv-00141 (W.D. Mich. Aug. 4, 2016).

On October 20, 2017, Petitioner signed and dated the habeas petition in this case. (ECF No. 1.) He asserts the following as grounds for relief: (1) offense variable 7 of the Michigan sentencing guidelines was mis-scored, and he is entitled to re-sentencing; (2) a miscarriage of justice will occur if the Court does not review his claim about offense variable 7; (3) offense variable 7 was scored on the basis of inaccurate information; and (4) one of his co-defendants accurately stated that a third co-defendant, Jalen Turner, injured the victims. On May 1, 2018, Respondent filed a motion to dismiss, arguing that the petition is time-barred. (ECF No. 5.) Petitioner has not responded to the motion.

## II. Applicable Law and Analysis

Petitioner's application for the writ of habeas corpus is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018) (citing *Smith v. Mitchell*, 567 F.3d 246, 255 (6th Cir. 2009)). AEDPA established a one-year period of limitations for
3

state prisoners to file their federal habeas corpus petitions. *See* 28 U.S.C. § 2244(d)(1); *see also Wall v. Kholi*, 562 U.S. 545, 550 (2011); *Davis*, 900 F.3d at 323; *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016), *cert. denied sub nom Woods v. Holbrook*, 137 S. Ct. 1436 (2017). The limitations period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'" *Holbrook*, 833 F.3d at 615 (quoting 28 U.S.C. § 2244(d)(2)).

In support of his request for habeas relief, Petitioner is not relying on a new and retroactive constitutional right or newly-discovered facts. He also has not

4

alleged that an impediment caused by state action prevented him from filing a timely petition. Thus, the relevant subsection for determining when the limitations began to run in his case is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." As the Supreme Court explained:

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for writ of certiorari to review a judgment entered by a state court of last resort must be filed in the United States Supreme Court within ninety days after entry of the judgment. Sup. Ct. R. 13.1.

Petitioner did not apply for a writ of certiorari in the United States Supreme Court following his direct appeal. Therefore, his convictions became final on January 26, 2016, ninety days after the Michigan Supreme Court denied leave to appeal on October 28, 2015. The statute of limitations began to run on the following day, *see* Fed. R. Civ. P. 6(a)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and it expired one year later on Friday, January 27, 2017.

Petitioner filed his current petition on October 20, 2017—more than eight and a half months after the limitations period expired.

Although Petitioner filed a previous petition in the Western District of Michigan while the limitations period was still running, a federal habeas corpus petition "is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Consequently, the limitations period did not stop running while Petitioner's first habeas petition was pending in the Western District of Michigan. *Id*. at 181-82. The Supreme Court's decision in *Duncan* "makes clear that the federal habeas statutes do not toll the statute of limitations while the federal habeas petition is pending." *Griffin v. Rogers*, 308 F.3d 647, 651 (6th Cir. 2002).

However, even if the Court tolled the limitations period for the time that Petitioner's first petition was pending in the Western District of Michigan, his current petition would be late by several months. This is because the prior petition was pending in the Western District for only forty-six days or about a month and a half. The petition is untimely, absent equitable tolling of the limitations period or a credible claim of actual innocence.

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But a habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has not requested equitable tolling of the limitations period, and he was not diligent in pursuing his claims. He also has not shown that some extraordinary circumstance prevented him from filing a timely habeas petition. Accordingly, the Court declines to equitably toll the limitations period.

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned, however, "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Petitioner implies in his fourth claim that he is innocent of armed robbery causing serious injury because a co-defendant injured the victims. Michigan's aiding and abetting statute does not distinguish between principals and aiders and abettors, however. *See* Mich. Comp. Laws § 767.39 ("Every person concerned in

7

the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction . . . . punished as if he had directly committed such offense.") Thus, to the extent Petitioner is claiming he is actually innocent of armed robbery causing serious injury, his actual-innocence claim fails. Petitioner has not alleged that he is actually innocent of the other crimes for which he was convicted and sentenced, and AEDPA's time limitations apply where no allegation of actual innocence is made. *McQuiggin*, 569 U.S. at 394.

### III. Conclusion

For the reasons set forth above, the Court concludes that Petitioner's habeas petition is untimely, and Petitioner is not entitled to equitable tolling of the limitations period. He also is not entitled to pass through the statute-of-limitations gateway based on a claim of actual innocence.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss the habeas petition (ECF No. 5) is **GRANTED**, and the petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED THAT** a certificate of appealability is **DENIED** because reasonable jurists would not find it debatable whether the

petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED** because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/Linda V. Parker<br>
LINDA V. PARKER<br>
UNITED STATES DISTRICT JUDGE

Dated: February 13, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 13, 2019, by electronic and/or U.S. First Class mail.

s/R. Loury<br>
Case Manager